UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ONEIDA SEVEN GENERATIONS
CORPORATION and GREEN BAY
RENEWABLE ENERGY, LLC,

      Plaintiffs,

v.                              Case No. 1:16-cv-01700

CITY OF GREEN BAY,

      Defendant.

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**ARGUMENT**

OSGC's arguments against dismissal are rife with contradiction. OSGC invokes federal court jurisdiction, but assert that this Court lacks authority to determine whether OSGC has the capacity to bring this Complaint. Dock. No. 14, pp. 31–32.[1] OSGC claims that it exhausted the state law remedies before repairing to federal court and that state law remedies were inadequate, but admit that state law remedies could have reversed the exact land-use decision of which OSGC complains. *Id.*, p. 18. OSGC complains that the decision to revoke its conditional use permit violated due process, but assert a constitutionally protected interest in their building permit. *Id.*, p. 15. But the most glaring contradictions are the two favorable state court decisions as Exhibits A and B to a Complaint for deprivation of due process. Dock. No. 1. This is more than the Constitution and § 1983 can bear. Plaintiffs fail to state a claim, fail to establish subject matter

---

[1] Citations are to docket page number.

jurisdiction, and fail to prove corporate capacity to sue. For any one of the following, independent reasons, the Complaint should be dismissed.

A.  **The Business Committee cannot cure OSGC's lack of capacity by resolution. This Court is authorized to find as much, or if the Court lacks authority, should dismiss the Complaint.**

Despite having brought this complaint in federal court, OSGC now argues that a federal court cannot decide whether OSGC has capacity to bring this suit. Dock. No., pp. 31–32. Although they fail to name it, OSGC has invoked the "tribal exhaustion rule." As explained by the Seventh Circuit, "[t]he concept of federal court abstention in cases involving Indian tribes known as the 'tribal exhaustion rule' generally 'requires that federal courts abstain from hearing certain claims relating to Indian tribes until the plaintiff has first exhausted those claims in tribal court." *Jackson v. Payday Financial, LLC*, 764 F.3d 765, 784 (7th Cir. 2014). This rule plainly does not apply where a plaintiff has voluntarily submitted its claim to the Court's authority.

In *Altheimer & Gray v. Sioux Manufacturing Corporation*, the Seventh Circuit held that the doctrine of tribal exhaustion did not bar a federal court from deciding a contract dispute filed against tribal defendants where the defendants had, "explicitly agreed to submit to the venue and jurisdiction of federal and state courts." 983 F.2d 803, 815 (7th Cir. 1993); *see also Stifel, Nicolaus & Co., Inc. v. Lac du Flambeau Band of Lake Superior Chippewa Indians*, 807 F.3d 184, 196–98 (7th Cir. 2015) (applying *Altheimer*, 983 F.2d 803 and holding the same). While the defendants in *Altheimer* and *Stifel* agreed by contract, OSGC has just as clearly "agreed to submit to the venue and jurisdiction" of this Court by selecting this forum. OSGC cannot ask the Court to hear its Complaint and deny the Court's authority in the same action.[2]

---

[2] Additionally, the Seventh Circuit has recognized, but not resolved, a circuit split as to whether the doctrine of tribal exhaustion applies at all where there is no pending tribal court action. *Jackson v. Payday Financial, LLC*, 764 F.3d 765, 784 (7th Cir. 2014).

> The courts of appeals that have addressed this issue have reached opposite conclusions. In *Garcia v. Akwesasne Housing Authority*, 268 F.3d 76, 80 (2d Cir. 2001), the Court of Appeals for the

2

But even if OSGC was correct that the Court must abstain from deciding OSGC's capacity, Business Committee Resolution No. 02-22-17-E (the "Resolution") would not become binding authority. Courts abstaining in deference to tribal jurisdiction do not simply adopt the tribal court decision—they dismiss. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 20 n. 14 (1987) (affirming district court's decision to abstain, but remanding for a determination on whether to dismiss or stay pending further tribal court proceedings). If this Court cannot decide whether OSGC has capacity to bring this lawsuit, the lawsuit must be dismissed.

This Court can and should decide whether OSGC lacks capacity to sue, and not by reference to the Resolution. OSGC's reliance on the Resolution ignores the fundamental problem with OSGC's capacity—the Oneida General Tribal Council, not the Business Committee, voted to dissolve OSGC and then affirmed that OSGC cannot continue litigation against the City. Dock. No. 12-1, 12-3. OSGC acknowledges that the powers of the Business Committee are "subject to General Tribal Council review." Dock. No. 14, p. 33; *see also* Dock. No. 10-1, Constitution and By-Laws of the Oneida Nation (2015), Article III, § 3 (The business committee may only "perform such duties as may be authorized by the General Tribal Council."). As the subordinate entity, the

---

Second Circuit held that tribal exhaustion was not required absent an ongoing tribal proceeding….
*But see, e.g.*, *United States v. Plainbull*, 957 F.3d 724, 728 (9th Cir. 1992) (rejecting the Government's argument that "the district court abused its discretion by abstaining from the merits of this case because there was no concurrent action pending in the tribal courts" because "[w]hether a tribal action is pending, however does not determine whether abstention is appropriate.")

*Id.*, 784 n. 44. The cases cited by Plaintiffs do not inform this issue because, in both cases, a tribal authority had previously adjudicated the issue. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 9 (1987) (declining jurisdiction over personal injury claim previously adjudicated in Blackfeet Tribal Court because "tribal appellate courts must have the opportunity to review lower tribal court decisions"); *Charles Mix v. U.S. DOI*, 674 F.3d 898, 903 (8th Cir. 2012) (declining jurisdiction over a land-use decision affirmed by the Bureau of Indian Affairs and the Interior Board of Indian Appeals because the Eighth Circuit lacked jurisdiction to review decisions of the Interior Board of Indian Appeals). It remains an open question in the Seventh Circuit as to whether a federal court may decide tribal issues where no tribal court action is pending. It is a question this Court need not answer because Plaintiffs have voluntarily submitted to the authority of the Court.

3

Business Committee cannot interpret its own authority to override the will of the General Tribal Council.

**B.      The adequacy of OSGC's state law remedies is not determined by its alleged losses.**

OSGC does not dispute that to state a claim for procedural or substantive due process, it must show that its state law remedies were inadequate. *See* Dock. No. 14, pp. 20–22; *see also Bettendorf v. St. Croix County*, 631 F. 3d 421, 427 (7th Cir. 2011) ("Where a claimant has availed himself of the remedies guaranteed by state law, due process is satisfied unless he can show that such remedies were inadequate."); *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 ("Labels [procedural or substantive due process] do not matter.").

Rather, OSGC argues that the inadequacy of its state law remedies can be "readily inferred from the facts alleged." *Id.*, p. 22 n. 3. Specifically, OSGC complains that state law remedies did not provide "timely re-issuance of the CUP" or "appropriate compensation for the significant damages it suffered as a result of the City's wrongful actions." *Id.*, p. 22. According to OSGC, the appellate judgments were untimely because they did not arrive in time to allow OSGC to take advantage of grants and other incentives that made the project economically viable. *Id.*, 20–21. Thus, OSGC argues that its state law remedies were inadequate by counting its alleged damages.

But adequacy of state law remedies is not measured by damages. *Hudson v. Palmer*, 468 U.S. 517, 535 (1984). Rather, adequacy refers to whether the state law provides sufficient process to meet constitutional requirements. *Id.*; *Barry Aviation, Inc. v. Land O' Lakes Municipal Airport Com'n*, 366 F. Supp. 2d 792, 810 (W.D. Wis. 2005) ("The fact that a plaintiff 'might not be able to recover under [state law] remedies the full amount of which he might receive in a § 1983 action is not determinative of the adequacy of state remedies") (citations omitted). In land-use decisions, the opportunity to seek certiorari review is sufficient process to meet constitutional requirements. *River Park*, 23 F.3d at 167; *Brick v. County of Walworth*, 856 F.Supp. 509 (E.D. Wis. 1994);

*Magulski v. County of Racine*, 879 F.Supp. 83 (E.D. Wis. 1995); *Donohoo v. Hanson*, No. 14-309, 2015 WL 5177968 (W.D. Wis. Sept. 3, 2015). OSGC's alleged losses (including lost grants, contracts, and permits) do not undermine the adequacy of its available state law remedies.

For the same reason, OSGC cannot escape the holdings of *Donohoo v. Hanson*, No. 14-309, 2015 WL 5177968 (W.D. Wis. Sept. 3, 2015), *Harding v. City of Door*, 879 F.2d 439, 431 (7th Cir. 1989), and *Minneapolis Auto Parts Co. v. City of Minneapolis*, 572 F. Supp. 389, 393 (D. Minn. 1983), all finding no due process violation where plaintiffs had the opportunity for appellate review and prevailed. OSGC attempts to distinguish those cases on the basis that in those cases, "plaintiffs actually received the permit it sought during or as a result of the state court proceedings." Dock. No. 14, p. 22. This distinction fails legally and factually.

Legally, the relief ultimately granted in a state court proceeding does not determine whether OSGC's due process rights were violated. Due *process* is, of course, concerned with *process*. *See CEnergy-Glenmore Wind Farm No. 1, LLC v. Town of Glenmore*, No. 12–C–1166, 2013 WL 3354511 (E.D. Wis. July 3, 2013), *aff'd* 769 F.3d 485 (7th Cir. 2014) ("Due process requires only a state court remedy, not a guaranteed win by the applicant's contractual deadline."). Regardless of the outcome, OSGC had the "*opportunity* to apply for a writ" and, again, this is sufficient to satisfy due process. *River Park*, 23 F.3d at 167 (emphasis added).

Factually, the distinction fails because OSGC also prevailed in state court. The only reason it has not "receive the permit it sought during or as a result of the state court proceedings" is that it has failed to enforce the state court judgments. *See infra* Part C). Again though, even if OSGC had lost, its opportunity to apply for a writ of certiorari satisfied due process. *River Park*, 23 F.3d at 167.

## C. "Procedural obstacles" do not excuse OSGC from pursuing its state law remedies and its failure to do so bars its federal due process claims.

OSGC does not dispute that a plaintiff with available state law remedies against a land-use decision must pursue those remedies before repairing to federal court. *See* Dock. No. 1, p. 10–14; *see also CEnergy-Glenmore Wind Farm No. 1, LLC v. Town of Glenmore*, 769 F.3d at 489 (7th Cir. 2014). Instead, OSGC simultaneously argues that it "exhausted" those remedies[3] and that "procedural and practical obstacles" barred it from pursing those remedies. Dock. No. 14, p. 16. OSGC cannot have it both ways—either OSGC pursued available state remedies or it did not. OSGC admits that it did not: "Could OSGC eventually have placed this dispute in a posture in which the City was under an enforceable order to re-issue the CUP? Probably…" Dock. No. 14, p. 18.

OSGC attempts to hedge this admission by arguing that the path to enforcing the judgment was "unclear" and untimely. *Id.* at 17–18. These arguments go to adequacy of state law remedies—not whether those remedies were "exhausted." In any event, the arguments are without merit.

Specifically, OSGC argues that it could not enforce its state court judgments because "the judgment of the appellate courts did not 'require' the City to do anything" and, according to OSGC, Wisconsin law "limits the reviewing court's authority in a certiorari proceeding." Dock. No. 14, pp. 17, 18. This is patently false. Obviously a certiorari court has the authority to reverse a circuit court, which must then proceed in accordance with the judgment. *See* Wis. Stat. § 68.13(1); Exhibit A (reversing the circuit court); Exhibit B (affirming reversal); *see also* Wis. Stat. § 808.09

---

[3] Technically, the requirement that Plaintiffs repair to state court is "not because the owner must 'exhaust' state remedies." *River Park, Inc. v. City of Highland Park*, 23 F.3d 164 (7th Cir. 1994). "Rather the idea in zoning cases is that the due process clause permits municipalities to use political methods to decide, so the only procedural rules at stake are those local law provides, and these rules must be vindicated in local courts." *Id.* The upshot, however, is the same. Plaintiffs cannot state a claim for due process violations based on an objectionable land-use decision without pursuing state law remedies. *Id.*; *CEnergy-Glenmore Wind Farm No. 1, LLC v. Town of Glenmore*, 796 F.3d 485 (7th Cir. 2014); *Gamble v. Eau Claire County*, 5 F.3d 285, 286–87 (7th Cir. 1993).

6

("In all cases, an appellate court shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance with the judgment or decision.")

OSGC also complains that it could not enforce the judgment until the record was remitted to the circuit court and because of this delay, the "unique confluence of circumstances that would have allowed construction of the facility had disappeared." Dock. No. 14, pp. 17, 18. Again, "[t]he fact that a plaintiff might not be able to recover under state law remedies the full amount of which he might receive in a § 1983 action is not determinative of the adequacy of the state remedies." *Barry Aviation v. Land O'Lakes Municipal Airport Com'n*, 366 F.Supp.2d 792 (W.D. Wis. 2005).

If OSGC was not satisfied with the outcome of certiorari review, it also could have sought a writ of mandamus to compel the issuance of the building permit. Indeed, OSGC initially filed exactly such a writ of mandamus, but voluntarily dismissed it. *See* Gunta Decl., ¶¶ 3, 4, Exhibit 9, Petition for Writ of Mandamus, *Oneida Seven Generations Corporation et al. v. City of Green Bay*, Case No. 12CV2262 (filed with Brown County Circuit Court of Wisconsin, November 14, 2012). The opportunity to file a writ of mandamus defeated plaintiffs' due process claims in *CEnergy-Glenmore* and the opportunity, along with the opportunity to enforce its judgment, defeats OSGC's claim here. 769 F.3d 485, 489 (7th Cir. 2014).

Neither *Guerro v. City of Kenosha Housing Authority* nor *Hanlon v. Town of Milton* excuse OSGC's failure to fully pursue its state court remedies. *Guerro* denied equitable relief as outside the scope of a certiorari action. 2011 WI App 138, ¶ 9, 337 Wis. 2d 484, 805 N.W.2d 127. Despite the relief sought being unavailable on certiorari, *Guerro* nevertheless reinforced that "a litigant cannot claim a deprivation of due process until he or she has, in fact, pursued the post deprivation process provided." *Id.*, ¶ 14. In *Guerro*, the "post deprivation process provided" was certiorari under Wis. Stat. § 68.13. *Id.* Here, the available post deprivation process also includes

enforcement of the state court judgments and OSGC failed to pursue them. Wis. Stat. §§ 815.02, 785.03(1)(a).

Likewise, *Hanlon* held that claim preclusion does not bar plaintiffs who have pursued a certiorari action from pursuing a § 1983 action. 2000 WI 61, ¶ 4, 612 N.W.2d 44. It does not address, let alone excuse, any prerequisites to stating a claim under § 1983, pursuit of state law remedies. *See id.* Such a holding could not be reconciled with *CEnergy-Glenmore*, 769 F.3d at 488 (denying due process claims under § 1983 where plaintiffs "ignored potential state law remedies.").

Finally, OSGC states that "the City apparently recognizes that OSGC filed a request for an administrative appeal, filed a Notice of Claim, filed a certiorari action in state court, and pursued that action all the way to the Wisconsin Supreme Court." Dock. No. 14, p. 16. Any facts cited by the City are "recognized" only for the limited purpose of supporting its Motion to Dismiss, under which all allegations in the Complaint "must be accepted as true." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

The statutory framework is in place for OSGC to enforce the appellate judgments. Any "procedural obstacles" do not excuse OSGC from taking advantage of available state court remedies—"The due process clause requires that a claimant receive adequate process, not the most advantageous process available to him…." *Bettendorf v. St. Croix County*, 631 F.3d 421, 426 (7th Cir. 2011).

**D.** **OSGC's investment on the CUP does not transform the CUP into a protectable property interest.**

OSGC does not dispute that a conditional use permit is not a constitutionally protected property interest. *See* Dock. 14, p. 9. Instead, OSGC claims its "combined interests" are "sufficient to warrant due process protection." *Id.* The "combined interests" are the assets OSGC acquired in reliance on the CUP—"a building permit from the City, air permits from the state and

8

federal regulators, contractors from third-parties, and various grants and tax-credits." *Id.*; *see also* Dock. No. 1, Complaint, ¶ 4 ("Thereafter, and in reliance on the CUP, OSGC invested significant funds developing the project. OSGC completed a substantial environmental permitting process with both state and federal regulators. Eventually, OSGC obtained all necessary permits to being construction of the facility.") In other words, OSGC asks the court to find that its investments made in reliance on the CUP give rise to a protectable property interest independent of the CUP.

Wisconsin courts do not recognize this theory. *Rainbow Springs Gold Co., Inc. v. Town of Mukwonago*, 2005 WI App 163, ¶¶ 14, 18, 284 Wis.2d 519, 702 N.W.2d 40 (finding no property interest in a revoked conditional use permit despite plaintiff losing the use of a recreational resort facility, a convention center, two golf courses, a haunted hotel, and a full-service restaurant all operated in reliance on the CUP).

Nor do the cases cited by OSGC. OSGC misquotes *Bd. of Regents v. Roth* as holding that property interests "essentially encompass[] any 'legitimate claim of entitlement.'" Dock. No. 14, p. 15 (citing 408 U.S. 564, 576–77 (1972)). Rather, *Roth* established that a "legitimate claim of entitlement" is a threshold attribute of a protected property interest. 408 U.S. at 577 ("To have a property interest in a benefit, a person … must [] have a legitimate claim of entitle to it."). *Roth* further established that protected property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and support claims of entitlement to those benefits." *Id.* (finding no property interest.)

Consistent with *Roth*, in the cases cited by OSGC, courts found a protected property interest where the interest relied on state laws. *Building Height Cases*, 181 Wis. 519, 549–50, 195 N.W. 544 (1923) (protecting investments made in reliance on an ordinance); *Peninsula Props., Inc. v. City of Sturgeon Bay*, No. 04-692, 2006 WL 1308093, *2 (E.D. Wis. May 8, 2006)

9

(protecting building permits sought pursuant to state law); *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 165 (7th Cir. 1994) (protecting a zoning designation where state law required the City to grant plaintiff's zoning application).

Unlike these interests, OSGC's alleged interest was not made in reliance on state law—it was made "in reliance on the CUP." Dock. No., Complaint, ¶ 4. The CUP cannot "support claims of entitlement" (*Roth*, 408 U.S. at 577) because "[a] conditional use permit is not property." *Id.*, Exhibit B, p. 35, ¶ 93 (*Oneida Seven Generations Corp., LLC v. City of Green Bay*, 2015 WI 50, ¶ 41–42, 362 Wis. 2d 290, 865 N.W.2d 162 (quoting *Rainbow Springs*, 2005 WI App 163, ¶ 18, 284 Wis. 2d 519, 702 N.W.2d 40)).

### E. <u>OSGC has not alleged a violation of procedural due process.</u>

To support its claim for procedural due process, OSGC cites to *Owen v. Lash*, 682 F.2d 648 (7th Cir. 1982) and *Zinerman v. Burch*, 494 U.S. 113 (1990). Dock. No. 14, pp. 23, 24. Its reliance on these cases is misplaced. The due process claim in *Lash* and *Zinerman* and was for deprivation of liberty where plaintiffs were involuntarily detained in state prison and a state mental health facility, respectively. As explained in *Mathews*, due process is "a flexible concept that varies with the particular situation." 494 U.S. 113, 127. The process owed in a deprivation of liberty is not the same as what is owed in land-use decisions. Again, all that is owed in land-use decisions is "the opportunity to apply for a writ." *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994). Thus, even if, as alleged, the City did not provide "a meaningful hearing prior to revoking the CUP" (Dock. No. 14, p. 23), the opportunity for certiorari review was a sufficient procedural safeguard. *See id.*; *see also CEnergy-Glenmore Wind Farm No. 1, LLC v. Town of Glenmore*, 769 F.3d 485, 489 (7th Cir. 2014) ("[A] post-deprivation remedy is sufficient to satisfy due process in such situations [land-use decisions].").

OSGC outlines additional steps the City could have taken, including that "the City should have devised a manner to consider that decision that would have prevented a fabricated reason for it." Dock. No. 14, p. 23. Whatever process OSGC had in mind by this, procedural due process does not turn on what additional process the city could have provided. The Seventh Circuit has rejected such arguments as "speculative" and "irrelevant." *Bettendorf v. St. Croix County*, 631 F.3d 421 (7th Cir. 2011). Where the plaintiffs in *Bettendorf* complained that another procedure would have provided "more or better process" than it received in state court proceedings, the Seventh Circuit denied his claim, holding "[t]he due process clause requires that a claimant receive adequate process, not the most advantageous process available to him." *Id.*

The theme throughout OSGC's Complaint and arguments is that OSGC is not dissatisfied with the process they received—it is dissatisfied with its losses. In *Shipyard Development, LLC v. City of Sturgeon Bay*, this Court denied just such a claim: "[I]t is clear from its complaint that Shipyard is not seeking notice and a hearing on its right to a prompt determination. Shipyard wants money for the losses it claims to have sustained as a result of the delay. Shipyard's claims are not for a denial of procedural protections." No. 09-C-216, 2011 WL 748146 (E.D. Wis. Feb. 24, 2011).

F. **OSGC has not alleged a violation of substantive due process.**

As an initial matter, OSGC accuses the City of conflating substantive due process with procedural due process and cites *River Park, Inc. v. City of Highland Park* as an example of a case relied on by the City that involved only procedural due process claims. Dock. No. 14, p. 24. This criticism ignores that the Seventh Circuit applied *River Park* to claims for substantive and procedural due process in *CEnergy-Glenmore*. 769 F.3d at 489 ("[R]egardless of how a plaintiff labels an objectionable land-use decision (i.e., as a taking or as a deprivation without substantive or procedural due process), recourse must be made to state rather than federal court.") (citing *River

11

*Park*, 23 F.3d at 167 ("Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court.") Thus, the requirements of *River Park* apply to both substantive and procedural due process claims. That said, the City agrees that substantive and procedural due process claims are distinct insofar as substantive due process claims are "very limited" and a more "difficult undertaking, especially if the claim involves zoning or other real property regulatory actions by a governmental body." *Bettendorf*, 631 F.3d at 426; *see also Donohoo v. Hanson*, No. 14-309, 2015 WL 5177968, *9 (W.D. Wis. Sept. 3, 2015) ("To prevail on a claim that defendants deprived him of substantive due process, Donohoo's burden is even greater [than for a procedural due process claim].")

OSGC attempts to distinguish *CEnergy-Glenmore* by citing the loss of its building permit and "significant funds spent in reliance on the town's actions." Dock. No. 14, p. 26. As to the building permit, the loss of a building permit clearly does not entitle plaintiffs to a claim for substantive due process. *Harding v. County of Door*, 870 F.3d 430 (7th Cir. 1989) (finding no substantive due process violation for withdrawal of building permit). As to the "significant funds," OSGC has put the cart before the horse. Before it can state a claim for damages under section 1983, OSGC must first allege a constitutional violation. Instead, OSGC asks the Court to find a violation based on the measure of its losses. OSGC repeats this theme throughout its bulleted list of grievances. Dock. No. 14, pp. 27, 28. The "magnitude" of OSGC's damages is not a proxy for arbitrariness.

The only Seventh Circuit case OSGC cites as having found a violation of substantive due process is *Peninsula Properties, Inc. v. City of Sturgeon Bay*, No. 04-692, 2005 WL 2234000 (E.D. Wis. Aug. 17, 2005). There, plaintiffs presented a viable case for substantive due process violations by alleging that the City "refused to act as a means to coerce a citizen to take unwarranted action." *Id.*, *8. OSGC has not alleged conduct that amounts to coercion. *See*

12

*Complaint*. Nor does the conduct support an inference "that the City intentionally sought to harm OSGC." Dock. No. 14, p. 28. The worst that might be said about the allegations is that the City yielded to political pressure, an allegation that decidedly does not support a claim for procedural due process. *River Park*, 23 F.3d at 167 ("the due process clause permits municipalities to use political methods to decide [land-use matters]").

G.  **The Complaint has not alleged a claim or standing on behalf of GBRE.**

Plaintiffs argue that by referring to OSGC and its subsidiary GBRE collectively, they are excused from showing that GBRE is independently entitled to relief. Dock. No. 14, p. 30. According to Plaintiffs, the facts alleged on behalf of OSGC were alleged for both entities and the City is free to parse out the distinctions in discovery. *Id.*

Exactly this style of "vague drafting" was rejected by the Eastern District in *Holmes v. City of Racine*, No. 14-CV-208-JPS, 2014 WL 3738050, *12 (E.D. Wis. July 30, 2014) (citing *Lujan v. Defs. Of Wildlife*, 504 U.S. 555 (YEAR)). There, multiple plaintiffs pursued RICO claims against multiple defendants, but the plaintiffs' complaint failed to make clear which defendants harmed which plaintiffs. *Id.* The court found this insufficient to confer standing:

> Here is what is clear: each plaintiff must allege facts that, taken as true, would show a claim for relief that is plausible on its face. In other words, the Court will not allow them to escape dismissal simply by pleading a host of facts which they then incorporate into claims against all or groups of the defendants…. [A]bsent factual allegations that would establish facial plausibility of RICO claims against specific defendants *by specific plaintiffs*, the Court will be obliged to dismiss the RICO portions of the plaintiffs' amended complaint.

*Id.* (citing *Aschcroft v. Iqbal*, 556 U.S. 662, 663) (2009)) (emphasis added). This reasoning applies with equal force here—Plaintiffs' Complaint failed to establish facial plausibility of claims against the City "by specific plaintiffs" and must be dismissed for lack of standing.

The reasoning from *Holmes* also renders GBRE's claim deficient for purposes of Rule 8(a)(2). Where a complaint fails to show damages sufficient to confer standing, it also necessarily fails to "show[] that the pleader is entitled to relief," fails to "give the defendant fair notice of what the… claim is and the grounds upon which it rests," and fails to satisfy Rule 8. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (citing Fed. R. Civ. P. 8(a)(2)).

Dated this 14th day of March, 2017.

                        GUNTA LAW OFFICES, S.C.
                        Attorneys for Defendant, City of Green Bay

                /s/ Gregg J. Gunta
                Gregg J. Gunta, WI Bar No. 1004322
                Ann C. Wirth, WI Bar No. 1002469
                John A. Wolfgang, WI Bar No. 1045325
                9898 W. Bluemound Road, Suite 2
                Wauwatosa, Wisconsin 53226
                T: (414) 291-7979 / F: (414) 291-7960
                Emails: gig@guntalaw.com
                            acw@guntalaw.com
                            jaw@guntalaw.com